WOONSOCKET INSTITUTION FOR SAVINGS. *vs.* JOHN J. HEFFERNAN, Administrator, *et al.*

PROVIDENCE—DECEMBER 7, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A. deposited money in the names of herself and of B., payable to either or the survivor of them, and retained control of the deposit book until her death; during her last sickness she sent word to B. to come and get the book and he could have the money at any time; this was his first knowledge of the deposit; he did not go to get the book until after A. had died:—

*Held*, that these facts did not constitute a completed gift of the money.
*Held*, further, that the deposit remained the property of A., and the fund was payable to her administrator.

BILL OF INTERPLEADER to determine the title to a deposit of money.

PER CURIAM. The case shows that Catherine Maroney deposited the fund in suit May 16, 1895, in her name and the name of John Maloney, and made it payable to either or the survivor of them; that shortly after that date she left the deposit book with the Rev. George T. Mahoney for safe keeping; that on January 1, 1897, she sent word to John Maloney, by his wife, to come and get the book and he could have the money at any time; that this was the first knowledge that John Maloney had of the deposit; that Catherine Maroney at the time of sending word to John Maloney was ill with what proved to be a fatal illness, though it does not appear that she was aware at that time that her illness was to be fatal; that she died a few weeks subsequently, and before John Maloney had gone to get the book. The question is whether in this state of facts John Maloney is entitled to the fund. We think not. Though the deposit was made in the joint names of Catherine and John, she retained control over the deposit book, without which the money could not be drawn; and though she sent word to him to come and get the book he did not do so, and the control over the deposit, therefore, remained with her until her decease. This being so, the gift of the deposit was not complete and it remained her property. A decree must therefore be entered for the payment of the fund to the administrator.

*Edwin Aldrich,* for complainant.

*Erwin J. France and John J. Heffernan,* for the respective claimants.